UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ruth McNee<br>a/k/a Ruth Koscielak,<br><br>Plaintiff,<br><br>v.<br><br>CBS Corporation, CBS Broadcasting, Inc., d/b/a WCCO AM; Jim Gustafson, and Chuck Dickemann,<br><br>Defendants. | Civil File No. 00-CV-1096 DWF/SRN<br><br>**STIPULATION, CONFIDENTIALITY AGREEMENT, AND PROTECTIVE ORDER** |

This Stipulation, Confidentiality Agreement, and Protective Order shall govern the confidentiality and use of information previously or hereafter disclosed by any party during discovery in this action.

1. All documents and information produced in this litigation and identified by the producing party as "Confidential" ("Confidential Information") shall be disclosed, displayed or revealed only to the persons described below. Confidential Information shall be used for no purpose other than prosecuting or defending any legal claims between the parties in this action (including any bifurcated trial and any appeals and retrial), and not in any other litigation, including business, governmental, commercial or administrative or judicial proceedings. Confidential Information may include without limitation upon designation by the producing party: responses to document production requests, answers to interrogatories and requests for admission, and depositions and transcripts (or portions thereof) of depositions; copies, extracts, summaries, compilations, and analyses (including computer-

NOV 14 2000
FILED
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

generated analyses) of Confidential Information; and information derived from Confidential Information.

2. Confidential Information may be disclosed, displayed or revealed only to the following persons, who the parties' counsel of record in good faith believe will be able to use the Confidential Information to assist in the presentation of matters to the Court for the resolution of disputes raised in this litigation:

a. Counsel of record for plaintiffs and defendants (including in-house counsel) and such counsel's partners, associates, co-counsel, legal assistants, secretarial and office staff;

b. Persons who may be witnesses in depositions, at trial or otherwise, including without limitation, plaintiffs and defendants' officers, directors and/or managers;

c. Experts, consultants and employees of experts and consultants retained or expected to be retained by plaintiffs or defendants and/or by counsel of record for plaintiffs or defendants;

d. Copy companies, court reporters and other individuals or entities engaged to provide litigation support services;

c. The Court in any submission pursuant to the Rules of Evidence and/or Civil Procedure; and

f. Any other person (exclusive of those listed in subparagraphs 2(a) – (e) above) to whom the party who produced Confidential Information does not object within five (5) days after receiving written notice from the party that intends to disclose Confidential Information to such person. If an objection is

made and the parties are unable to agree, Confidential Information may be disclosed to any person the Court rules.

3. Prior to the disclosure of Confidential Information to any person identified in paragraph 2(b), 2(c), 2(d) or 2(f), counsel shall inform that person of the terms of this Order, and shall attempt to secure that person's written consent to be bound by the Order by requiring execution of the attached Acknowledgment of Protective Order and Agreement to be Bound. If the person refuses to sign the Acknowledgement, counsel may not disclose the Confidential Information to him/her, except that counsel may disclose the Confidential Information to him/her if the person is a witness at trial or a hearing open to the public. Confidential Information may be disclosed to a person identified in paragraphs 2(a) and 2(e) whether or not they sign the Acknowledgement or Protective Order and Agreement to be Bound. Unless otherwise ordered by the court, any confidential information presented to the court pursuant to paragraph 2(e) shall be filed under seal and used in camera only. Any portion of the Confidential Information that is not relevant to the purpose for which it is being used or offered shall first be redacted.

4. The execution of this Order shall not:

a. Restrict the rights of the parties to conduct or engage in the process of discovery or object thereto, as permitted by law, except to the extent set forth herein;

b. Have any impact on the determination whether any information is or is not confidential or a trade secret, if a member of the public or other non-party challenges any restrictions on access to the information;

c. Constitute a waiver of the right of any party to object on any ground permitted by the Rules of Evidence or the Rules of Civil Procedure to the admissibility or use of any information or trial or in other proceedings;

d. Restrict the rights of the parties to use of any documents or information that they may possess by means other than production by a party, even if a party has produced a copy of the same document or documents containing the same information.

5. The provisions of this Order shall not terminate at the conclusion of this case. The parties agree that the court shall have continuing jurisdiction over this case for purposes of construction and enforcement of this agreement. Every document constituting or containing Confidential Information, unless filed with the Court, admitted into evidence, or otherwise part of the record in this case, including all copies, shall be made available for return within thirty (30) days after a request by the disclosing party, which request shall not be made until after the conclusion of the litigation, including all appeals and retrials. Notwithstanding the above, any work-product of the attorneys, whether or not part of the record, does not have to be so returned or destroyed. All counsel of record shall, upon request, make certification of compliance herewith and, not more than sixty (60) days after the request, shall deliver the certificate to counsel for the producing party.

6. Nothing in this Order shall prevent any party from seeking a modification of the Order, but all documents and information disclosed by any party shall be treated in accordance with this Order until counsel otherwise agree or the Court otherwise orders.

The parties hereby agree to the above provisions.

RIDER, BENNETT, EGAN & ARUNDEL, LLP

Dated: November 10, 2000

By [signature]
Sheila Engelmeier
Attorney Reg. No. 175250
Karen A. Janisch
Attorney Reg. No. 236573
Autumn L. Huiras
Attorney Reg. No. 277472

33 South Seventh Street
Suite 2000
Minneapolis, MN 55402
(612) 340-7951

Attorneys for plaintiff Ruth McNee

FAEGRE & BENSON LLP

Dated: November 13, 2000

By [signature]
David J. Goldstein
Attorney Reg. No. 175572
Kristen M. Ludgate
Attorney Reg. No. 286965
Corina L. Leske
Attorney Reg. No. 284129

2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
(612) 336-3000

Attorneys for Defendants

M1:672275.01

**ORDER**

Based on the foregoing stipulation, **IT IS SO ORDERED**.

Dated: November 14th, 2000

DONOVAN W. FRANK
Judge of United States District Court

**ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND.**

I have read and understand the attached Stipulation, Confidentiality Agreement, and Protective Order and agree to comply with its terms.

Dated: ____________________

_______________________________________
(print name)

_______________________________________
(signature)

M1:672275.01

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.