**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**RUTH MCNEE**
**a/k/a RUTH KOSCIELAK,**

**Civil No. 00-1096(DWF/SRN)**

**Plaintiff,**

**v.**

**O R D E R**

**CBS CORPORATION; CBS, INC., being sued as CBS CORPORATION; CBS BROADCASTING, INC. d/b/a WCCO AM; JIM GUSTAFSON; and CHUCK DICKERMANN,**

**Defendants.**

---

Karen A. Janisch, Esq., on behalf of Plaintiff.

Kristen M. Ludgate, Esq., and David J. Goldstein, Esq., on behalf of Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on February 20, 2001, on a motion by Plaintiff Ruth McNee to extend time for expert disclosures. That motion has been ruled upon. See Order dated February 20, 2001. However, during the February 20th hearing the Court was advised that Plaintiff had not received the Arbitron rating information that is the subject of a third-party

FILED MAR 16 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

subpoena to the Arbitron Company. Subsequently, the Court, in its February 21st Order, requested counsel for the parties to submit position letters relative to this Court's issuance of an order compelling the Defendants to produce and photocopy the Arbitron information. Those letters have been received and reviewed and, on March 6, 2001, the Court held a telephone conference to discuss the specific issues raised in the parties' cross-correspondence.

It is undisputed that the Arbitron ratings information Plaintiff seeks is relevant to the claims raised in this lawsuit. In this lawsuit Plaintiff has asserted that the Defendants utilized the Arbitron ratings reports and data in terminating Plaintiff's employment. The Plaintiff sought the Arbitron ratings information through conventional discovery and, while the Defendants have been willing to make the Arbitron data and reports available for the Plaintiff to inspect, the Defendants have asserted that they are prohibited from photocopying or allowing the Plaintiff to photocopy the Arbitron reports and data under the terms of the license agreement they have with The Arbitron Company. See Exhibit A to Karen A. Janisch's letter to the Court dated February 26, 2001. In this license agreement, the Defendants agree, inter alia, to refrain from divulging any copyrighted Arbitron Data and Reports to a nonsubscribing station or to lend and/or give an original copy or any reproduction of any part of any Data and/or Reports or any Arbitron estimates or data to any nonsubscriber not authorized by the license agreement. Id. The

license agreement states that any violation of the agreement constitutes a breach of the agreement and an infringement of Arbitron's copyright. Id.

In an effort to obtain the Arbitron ratings reports and data the Plaintiff has served a third-party subpoena on the Arbitron Company, and reports that to date Arbitron has partially complied with the subpoena. However, because of the impending expert disclosure deadlines in this matter the Plaintiff has requested the Court's assistance in obtaining the Arbitron ratings information from the Defendants.

The Court notes that the Defendants do not contest the entry of an order compelling them to copy the Arbitron reports under the direction and protection of a Court Order, as long as it contains appropriate provisions assuring the confidentiality of the reports and the return of any copies at the close of this litigation.

Plaintiff McNee asserts that where copyrighted material is involved in the underlying factual issues of litigation, courts have upheld the use of copyrighted material in judicial proceedings as a "fair use" of copyrighted materials. See Nimmer on Copyrights 13.05[D][2]. As the Plaintiff submits, the fair use doctrine for copyrighted materials is codified in Title 17, United States Code, Section 107, which states:

> Notwithstanding the provision of sections 106 and 106A, the fair use of a copyrighted work, including such use by reproduction in copies or phonorecords or by any other means specified by that section, for purposes such as criticism, comment, news reporting,

> teaching (including multiple copies for classroom use), scholarship, or research, is not an infringement of copyright. In determining whether the use made of a work in any particular case is a fair use the factors to be considered shall include –
>
> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2) the nature of the copyrighted work;
>
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work.
>
> The fact that a work is unpublished shall not itself bar a finding of fair use is such finding is made upon consideration of all the above factors.

17 U.S.C. §107.

Furthermore, as the Plaintiff points out, the legislative committee notes that accompanied the statute in 1976 recognized that "fair use" had been the subject of judicial interpretation for many years, and enumerated a number of examples of the types of activities that courts might regard as fair use including "reproduction of a work in legislative or judicial proceedings or reports. . ." Notes of the Committee on the Judiciary, House Report No. 94-1476; see also 17 U.S.C. § 107, historical notes.

Finally, Plaintiff McNee submits that courts interpreting the fair use doctrine have recognized that use of copyrighted materials in court proceedings does not violate copyright interests, citing City Consumer Services, Inc. v. Horne, 100 F.R.D. 740, 747-748 (D.Utah 1983); Kulik Photography v.

Cochran, 975 F.Supp. 812, 814 (E.D.Va. 1997); Religious Technology Ctr. v. Wollersheim, 971 F.2d 364, 367 (9th Cir. 1992).

The Court finds that because the Arbitron information in the possession of Defendant WCCO AM is relevant to a core issue in this lawsuit, photocopying and use of the Arbitron ratings reports and data is a fair use of Arbitron's copyrighted material. Accordingly, the Court orders the Defendants to either photocopy the requested Arbitron data and reports and provide such copies to the Plaintiff, or to produce the requested Arbitron data and reports to the Plaintiff for purposes of photocopying. Such material shall be marked "Confidential" and its use dictated by the terms of the Protective Order in effect in this case. All copies of such material will be returned to Defendants at the close of the litigation or destroyed.

The Court will provide the Arbitron Company with Notice of the Court's intention to enter this Order and invite Arbitron to lodge any response within 10 days of the date of the Notice to Arbitron.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1) That the Plaintiff's request for assistance from this Court to compel discovery of Arbitron ratings information from the Defendants is **GRANTED**;

2) Defendants shall allow Plaintiff to inspect and copy any and all rating information that is in Defendants' possession including:

All Arbitron rating information or other rating information provided or make available by the The Arbitron Company to CBS Broadcasting, Inc. regarding WCCO AM Radio, a station located in Minneapolis, Minnesota, from 1992 to present, including but not limited to:

a. All hour-by-hour reports;

b. All Trend or Arbitrend Trend Reports;

c. All Arbitron rating reports for all stations in the Minneapolis-St. Paul area.

3) Defendants shall allow Plaintiff to inspect and copy any and all ratings information generated by WCCO AM from 1992 to the present, including, but not limited to:

a. All TAPSCAN ratings reports and information;

b. All Maximi$er reports.

4) This Order shall apply to ratings information in whatever format it is maintained by Defendants including hard copies, computer disks and/or electronic records or compilations. The parties shall meet and confer regarding the production of responsive ratings records generated from electronic data contained in Defendants' computers or in electronic format, and agree upon a

list of reports to be generated; and

5) Any copies of documents produced by Defendants in response to this Order shall be marked as "confidential" and will be subject to the confidentiality provisions set forth in the protective order issued by the Honorable Donovan W. Frank on November 14, 2000.

Dated: March 16, 2001.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge