**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Ruth McNee a/k/a Ruth Koscielak,

Plaintiff,

v.

Jim Gustafson, Chuck Dickemann, Infinity Broadcasting Corporation, and Infinity Media Corporation d/b/a WCCO AM,

Defendants.

Civil No. 00-1096 (DWF/SRN)

**ORDER AND MEMORANDUM**

---

Sheila A. Engelmeier, Esq., Karen A. Janisch, Esq., and Autumn L. Huiras, Esq., Rider Bennett Egan & Arundel, 2000 Metro Center, 333 South Seventh Street, Minneapolis, MN 55402, counsel for Plaintiff.

David J. Goldstein, Esq., Kristen M. Ludgate, Esq., and Angela M. Crandall, Esq., Faegre & Benson, 2200 Norwest Center, 90 South Seventh Street, Minneapolis, MN 55402-3901, counsel for Defendants.

---

This matter is before the Court upon Defendants' appeal of Magistrate Judge Susan Richard Nelson's order dated August 31, 2001. Specifically, Defendants appeal from the portion of Magistrate Judge Nelson's order that denies Defendants' motion to compel the production of certain documents and additional depositions. The Defendants also appeal Magistrate Judge Nelson's decision not to review any of the subject documents *in camera*. Plaintiff opposes Defendants' appeal from Magistrate Judge Nelson's order of August 31, 2001. The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). This is an "extremely

FILED NOV 16 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). For the reasons stated herein, the Court denies the Defendants' appeal, but affirms Magistrate Judge Nelson's order of August 31, 2001, as modified by this Court.

The Court finds that Magistrate Judge Nelson's order as modified by this Court is neither clearly erroneous nor contrary to law.

Accordingly, **IT IS HEREBY ORDERED**:

1. Magistrate Judge Susan Richard Nelson's order of August 31, 2001 (Doc. No. 62), as modified by the Court, is **AFFIRMED.**

2. Plaintiff shall produce to the Court the documents on Plaintiff's Supplemental Privilege Log numbered in these proceedings as numbers 1-12, 15-23, 47-49, and 65. The undersigned shall review the documents *in camera* and reserve ruling on the issue of whether the documents reviewed by the Court *in camera* should be provided to the Defendants. In all other respects Magistrate Judge Nelson's order of August 31, 2001, remains in full force and effect.

Dated: November 15, 2001

DONOVAN W. FRANK
Judge of United States District Court

**MEMORANDUM**

Pursuant to Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(b)(2), the Court may modify rather than set aside or reverse any portion of a Magistrate Judge's order. That is what the Court has done. In the Court's view, Magistrate Judge Nelson gave appropriate deference to this Court in referencing the fact that, at trial, if not before, these issues will have to be addressed because

they are evidentiary in nature. The Court has simply decided to take up at least one portion of these evidentiary issues now by examining the documents in question *in camera.*

The parties should be on notice that there are evidentiary implications to the order of Magistrate Judge Susan Richard Nelson of August 31, 2001, and the order of this Court. First of all, if indeed it is the position of one or both parties that there are a variety of notes and writings being used to refresh the memory of either Mr. Rosenbaum or Mr. Tilton, pursuant to Rule 612 of the Federal Rules of Evidence, the Defendants will more than likely be entitled to have the writings produced at the hearing, to inspect them, to cross-examine the witness thereon, and to introduce into evidence those portions which relate to the testimony of the witness. If the Court has not examined any of those documents *in camera* prior to trial, it certainly will be required to do so under Rule 612 at the time of trial. Moreover, it strikes this Court that there will be additional evidentiary implications if Mr. Rosenbaum or Mr. Tilton take the witness stand. The availability of Mr. Rosenbaum's file and Mr. Tilton's file for use at trial, whether for impeachment or some other evidentiary purpose, will be an issue at trial. Whether the withholding of these documents, pursuant to a claim of privilege, will affect the ability of the Plaintiff to call either witness at trial is a matter that will be addressed at trial. Relatedly, whether the unavailability of documents, based upon an asserted privilege by the Plaintiff, will render some or all documents in one or both files inadmissible is an issue that will be dealt with at trial. For the reasons stated, the Court has affirmed Magistrate Judge Nelson's order of August 31, 2001, as modified.

D.W.F.